UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DAVIS MEDICAL COMMUNICATIONS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EKAHAU, INC.,<br><br>　　　　　Defendant. | Civil Action No. 16-cv-1129<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>JURY DEMANDED |

　　　　Plaintiff Davis Medical Communications, LLC ("DMC") hereby alleges the following causes of action against Defendant Ekahau, Inc.

## PARTIES

　　　　1.　　DMC is a Washington limited liability company having a registered address in Seattle, Washington.

　　　　2.　　Ekanau is believed to be a Delaware corporation with corporate headquarters located at 1851 Alexander Bell Dr., Reston, Virginia 20191. Ekahau's corporate registered agent is Corporation Service Company, Bank of America Center, 16th Floor, 1111 East Main Street, Richmond, Virginia 23219.

COMPLAINT - 1
Civil Action No. 16-cv-1129
DAVS-6-1001P01CMP

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, particularly including 35 U.S.C. § 271 and § 281. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Upon information and belief, Ekahau is subject to personal jurisdiction by the Court. Ekahau has committed such purposeful acts and/or transactions in the State of Washington that it reasonably knew and/or expected that it could be haled into a Washington court as a future consequence of such activity. Ekahau makes, uses and/or sells infringing systems within the Western District of Washington and has a continuing presence and the requisite minimum contacts within the Western District of Washington, such that this venue is a fair and reasonable one. Upon information and belief, Ekahau has transacted and, at the time of the filing of the complaint, is continuing to transact business within the Western District of Washington. For all of these reasons, both jurisdiction and venue are proper in this court. 28 U.S.C. §§ 1391 and 1400.

## DMC'S PATENT RIGHTS

5. DMC is the assignee of U.S. Patent No. 7,812,709 (the "709 patent"), issued October 12, 2010, and U.S. Patent No. 8,035,519 (the "519 patent"), issued October 11, 2011, both in the name of Andrew P. Davis (collectively "the Davis patents"). A true and correct copy of the Davis patents is attached as Exhibits A and B, respectively. DMC owns the full right, title and interest in the Davis patents, including the right to assert the claims and causes of action involved in this complaint and seek damages related to both past and future activity.

6. The Davis patents are entitled "Office Communication System." In general, they both describe variations of an office communication system that provides intra-office communication with, for example, a medical or dental office. The system includes a door or wall unit, a table or desk unit, and a wearable or portable unit. In preferred embodiments, the door and desk units are configured to transmit and receive both infrared and radio frequency type wireless signals. The portable unit may include an infrared light transmitter configured to transmit infrared

COMPLAINT - 2
Civil Action No. 16-cv-1129
DAVS-6-1001P01CMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

light encoded with a unique address or identifier. The system operates to non-obtrusively notify office personnel whether a practitioner has entered or is presently within a particular exam room of the office, or provide other alert or communication, even if a door of the exam room is closed.

**COUNT I: Patent Infringement of U.S. Patent No. 7,812,709**

7. DMC is the owner of the 709 patent with the exclusive right to enforce the patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

8. Upon information and belief, Ekahau has infringed the 709 patent under 35 U.S.C. § 271(a), (b) and/or (c) through manufacturing, sale, offer for sale and /or use of the Ekahau Vision tracking system and components including the B4 badge and the LB2 location beacon. This is a non-exhaustive identification of accused systems and DMC reserves the right to identify additional products and systems after obtaining discovery.

9. Upon information and belief, Ekahau infringes at least claim 14 of the 519 patent.

10. More specifically, through use of the Ekahau Vision tracking system and related components, Ekahau infringes the 709 patent because it makes, uses, sells, and offers for sale a system that provides intra-office communication utilizing stationary and portable communication units configured to provide proximity information and notification within an office based on wireless communication among the system components.

11. Upon information and belief, Ekahau encourages, induces and intend customers to use, sell or offer for sale the infringing system and induce infringement of the 709 patent by end users. Upon information and belief, Ekahau contributes to the infringement of others such as end users to directly infringe the 709 patent. The accused system is not a staple article of commerce and is not suitable for substantial noninfringing use. Upon information and belief, Ekahau's actions are intentional and with knowledge of the 709 patent, at least as of the filing and service of the complaint.

COMPLAINT - 3
Civil Action No. 16-cv-1129
DAVS-6-1001P01CMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

12. As a direct result of Ekahau's infringement of DMC's 709 patent, DMC has suffered, and will continue to suffer, damages in an amount to be established at trial which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284. In addition, DMC has suffered, and continues to suffer, irreparable harm for which there is no adequate remedy at law.

**COUNT II: Patent Infringement of U.S. Patent No. 8,035,519**

13. DMC is the owner of the 519 patent with the exclusive right to enforce the patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

14. Upon information and belief, Ekahau has infringed the 519 patent under 35 U.S.C. § 271(a), (b) and/or (c) through manufacturing, sale, offer for sale and /or use of the Ekahau Vision tracking system and components including the B4 badge and the LB2 location beacon. This is a non-exhaustive identification of accused systems and DMC reserves the right to identify additional products and systems after obtaining discovery.

15. Upon information and belief, Ekahau infringes at least claim 1 of the 519 patent.

16. More specifically, through use of the Ekahau Vision tracking system and related components, Ekahau infringes the 519 patent because it makes, uses, sells, and offers for sale a system that provides intra-office communication utilizing stationary and portable communication units configured to provide proximity information and notification within an office based on wireless communication among the system components.

17. Upon information and belief, Ekahau encourages, induces and intend customers to use, sell or offer for sale the infringing system and induce infringement of the 519 patent by end users. Upon information and belief, Ekahau contributes to the infringement of others such as end users to directly infringe the 519 patent. The accused system is not a staple article of commerce and is not suitable for substantial noninfringing use. Upon information and belief, Ekahau's actions

COMPLAINT - 4
Civil Action No. 16-cv-1129
DAVS-6-1001P01CMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

are intentional and with knowledge of the 519 patent, at least as of the filing and service of the complaint.

18. As a direct result of Ekahau's infringement of DMC's 709 patent, DMC has suffered, and will continue to suffer, damages in an amount to be established at trial which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284. In addition, DMC has suffered, and continues to suffer, irreparable harm for which there is no adequate remedy at law.

**PRAYER FOR RELIEF**

DMC requests the following alternative and cumulative relief:

1. Judgment that one or more claims of the Davis patents have been infringed, either literally and/or under the doctrine of equivalents, by Ekahau;

2. Preliminary and permanent injunctions enjoining Ekahau, its officers, agents, servants, employees, distributors, resellers, service partners, suppliers and all other persons acting in concert or participation with it from further infringement of the Davis patents;

3. An award of damages adequate to compensate for the infringement, but not less than a reasonable royalty for use of the invention;

4. An award of treble damages pursuant to 35 U.S.C. § 284;

5. An award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

6. An assessment of prejudgment interest and costs; and

7. Such other and further relief as the Court may deem just and proper.

DATED this 22nd day of July, 2016.

s/ David A. Lowe, WSBA No. 24,453
Lowe@LoweGrahamJones.com
LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
T: 206.381.3300

Attorneys for Davis Medical Communications, LLC

COMPLAINT - 5
Civil Action No. 16-cv-1129
DAVS-6-1001P01CMP